COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


JOEL LANNIGAN

                                                    MEMORANDUM OPINION<sup>*</sup>
v.       Record No. 1973-10-1                              PER CURIAM
                                                    FEBRUARY 22, 2011
VIRGINIA BEACH DEPARTMENT
  OF HUMAN SERVICES


           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          Frederick B. Lowe, Judge

          (Lisa A. Broccoletti, on brief), for appellant.

          (Mark D. Stiles, City Attorney; Christopher S. Boynton, Deputy City
          Attorney; Elena E. Ilardi, Assistant City Attorney; Richard E.
          Garriott, Jr., Guardian *ad litem* for the minor children; Clarke, Dolph,
          Rapaport, Hull, Brunick & Garriott, P.L.C., on brief), for appellee.


       Joel Lannigan (father) appeals an order terminating his parental rights to his children.

Father argues that the trial court erred by terminating his parental rights under Code

§ 16.1-283(C)(1) and (2) because father was never offered or provided reasonable and appropriate

services to strengthen the parent-child relationship and to remedy substantially the conditions which

led to or required continuation of the children's foster care placement.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

---

        <sup>*</sup> Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

Father lived in Maryland, while the children resided in Virginia Beach with their mother and her husband.  The Virginia Beach Department of Human Services (the Department) removed the children from their mother in October 2008 due to filthy and unsanitary conditions in the home.  The home was infested with bed bugs, and the children were covered in bug bites.  The children's room smelled of urine, and feces had been spread on the walls and carpet.  There were fruit flies and gnats in the home.  The children were dirty.  The locks on the doors in the home were reversed, so that mother could lock the children in their rooms.  At the time of the removal, M.L. was ten years old, K.L. was seven years old, and W.L. was four years old.[1]  At that time, none of the children were toilet trained, and all had developmental issues.

Prior to the removal, father had visited the children once since he moved to Maryland in 2007.  After the removal, father visited the children twice and sent no cards, letters, or gifts to the children.  He did not call the social workers for updates on the children.

The Department sought a home study of father's home through the Interstate Compact for the Placement of Children.  The Baltimore Department of Social Services denied approval of father's home.  Father was renting a room from a family member and told the Maryland social worker that his home was insufficient to take care of the children.  He indicated that he applied for Section 8 housing, but was on a waiting list that could take seven years.

---

[1] The individual children will be referred to by their initials.  The children also have an older sister, R.L., who is not subject to this appeal and not included in our general references to "the children."  After the trial, W.L. died of natural causes.

On February 22, 2010, the juvenile and domestic relations district court terminated father's parental rights. Father appealed, and on August 19, 2010, the trial court terminated father's parental rights pursuant to Code § 16.1-283(C)(1) and (2).[2] This appeal followed.

ANALYSIS

Father argues that the Department failed to provide reasonable and appropriate services to him prior to seeking termination of parental rights.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Father's parental rights were terminated under Code § 16.1-283(C)(1), which states that a parent's parental rights may be terminated if:

> [t]he parent or parents have, without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship. Proof that the parent or parents have failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition.

Father failed to maintain contact with the children. Although he came to approximately five foster care hearings in Virginia Beach, he only saw the children twice. He did not send any gifts, cards, or letters to the children once they were placed in foster care. He argued that he did

---

[2] Mother's parental rights were terminated in the juvenile and domestic relations district court. She did not pursue her appeal, which was dismissed by the trial court.

not know that he could do so, but he never asked. The social worker for K.L. and W.L. gave father her contact information in October 2009, but father never contacted her. Despite the juvenile and domestic relations district court terminating father's parental rights in February 2010, the Department continued to offer visitations, but father never accepted the offer.

In addition, father's parental rights were terminated under Code § 16.1-283(C)(2), which states that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

After the Department removed the children from mother's home, father indicated that he was interested in having custody of the children. The Department arranged to have a home study done in Maryland. Father told the Baltimore social worker that his housing situation was not suitable for the children because he was renting a room from a family member. Therefore, his home was disapproved for placement.

At trial, father's housing situation had not changed. Father testified that he was on a waiting list for Section 8 housing; however, it could take seven years to obtain the housing. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). The children could not wait seven more years for father to obtain the necessary housing and be ready to care for them. The trial court noted that "it's not a matter of being unwilling. . . . I think in Mr. Lannigan's case he just simply is unable to, given his current situation and given the current status of these three children."

Father argues that he was not offered reasonable and appropriate services because he lived outside of Virginia. "'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992).

In his brief, father argues that he was given a list of thirteen requirements with which to comply, but the Department provided him with no services to assist him in completing those requirements.[3] However, the evidence proved that the Department arranged for a home study through the Interstate Compact for the Placement of Children. Father turned away the social worker because he said that he did not have adequate housing for the children. The social worker provided father with their contact information, but father did not stay in contact with them. The Department arranged for visitation, but father visited the children only twice since their removal.

In this case, there was sufficient evidence to prove that the Department made reasonable and appropriate efforts. The trial court did not err in terminating father's parental rights.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[3] The only plans that listed any requirements for father were drafted in August 2009 by the social worker for K.L. and W.L.